11-2785-ag
Sulollari v. Holder

BIA
Sichel, IJ
A095 370 353

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge,*
>        JOSEPH M. McLAUGHLIN,
>        BARRINGTON D. PARKER,
>             *Circuit Judges.*

_____

**RENATO SULOLLARI,**
>        *Petitioner,*

>        v.                                             **11-2785-ag**
>                                                       **NAC**

**ERIC H. HOLDER, JR., UNITED STATES**
**ATTORNEY GENERAL,**
>        *Respondent.*

_____


FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Carl H. McIntyre; Assistant Director, Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Renato Sulollari, a native and citizen of Albania, seeks review of a June 16, 2011, decision of the BIA affirming the May 18, 2009, decision of Immigration Judge ("IJ") Helen Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Renato Sulollari*, No. A095 370 353 (B.I.A. June 16, 2011), *aff'g* No. A095 370 353 (Immig. Ct. N.Y. City May 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. U.S. Dep't of Justice*, 562 F.3d 510, 513 (2d Cir. 2009). Because the BIA declined to address the IJ's credibility determination and found that even assuming Sulollari's credibility, the

2

government had demonstrated a fundamental change in country conditions, we address only the agency's dispositive future persecution finding. *See Aliyev v. Mukasey*, 549 F.3d 111, 117 (2d Cir. 2008) (assuming credibility when the BIA does not affirm the IJ's adverse credibility determination); *see also Yang*, 426 F.3d at 522. We conclude that the agency reasonably found that Sulollari failed to demonstrate that he would suffer any harm if returned to Albania. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006).

The government may rebut a finding of past persecution, and the resulting presumption of a well-founded fear of future persecution, by showing a fundamental change in conditions in the country where the petitioner suffered past persecution such that the applicant's fear of persecution is no longer well-founded. *See* 8 C.F.R. § 1208.13(b)(1); *Niang v. Mukasey*, 511 F.3d 138, 148 (2d Cir. 2007). Sulollari's application is based on his membership in the Democratic Party ("DP") and his fear of harm at the hands of members of the Socialist Party ("SP"), who were in control of the local and national government of Albania when Sulollari applied for asylum in 2002. Given the fundamental change in Albania–namely the DP's 2005 takeover of the

3

government–Sulollari had the burden to establish that he has a well-founded fear of harm at the hands of the government, now controlled by the DP. *See* 8 C.F.R. § 1208.13(b)(1); *see also Hoxhallari*, 468 F.3d at 187-88 (concluding that alien's fear of future persecution based on his affiliation with the DP was not well-founded in light of the "fundamental change in the political structure and government of Albania"). Sulollari argues that he fears harm if returned to Albania due to local police corruption and his previous DP activities, but he has not identified any evidence that the local police force is SP-aligned or that DP activists have been persecuted by the local police. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, Sulollari failed to demonstrate that he could not relocate to a DP-controlled area; the agency reasonably found DP-led government controls the security apparatus throughout Albania. *See* 8 C.F.R. § 1208.13(b)(3)(F).

Because the agency reasonably found that there had been a fundamental change in Albania and that Sulollari had not otherwise shown a well-founded fear of harm, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk